**JIANG LIN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No.  08–0987–ag.

United States Court of Appeals, Second Circuit.

Dec. 11, 2008.

Yan Wang, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Brendan P. Hogan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Jiang Lin, a native and citizen of the People's Republic of China, seeks review of a January 30, 2008 order of the BIA, affirming the March 14, 2006 decision of Immigration Judge ("IJ") Elizabeth Lamb, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiang Lin,* No. A97 957 383 (B.I.A. Jan. 30, 2008), *aff'g* No. A97 957 383 (Immig. Ct. N.Y. City Mar. 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case. This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165 (2d Cir.2008).

Upon our review of the administrative record, we find that substantial evidence supports the agency's adverse credibility determination. The IJ properly relied on Lin's inconsistent accounts of his reasons for coming to the United States. *See*

*Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–107 (2d Cir.2006). During his airport and credible fear interviews, Lin claimed that he was Buddhist and that he feared being arrested in China as a result of an altercation he had with housing officials. However, he stated in his asylum application and testified before the IJ that he was Catholic and that he feared persecution on account of his religion.[1] As we have stated, "where ... a petitioner has provided two distinct, non-overlapping accounts of persecution, ... an IJ must ... rely on the commonsense observation that it is inconsistent for a petitioner to respond to the same question about the nature of his asylum claim with two entirely different responses." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 396, 397 n. 6, 399 n. 8 (2d Cir.2005).

In his brief, Lin argues that the BIA did not consider his explanations for his discrepant accounts. Yet, the BIA specifically found that while Lin had an opportunity on both direct and cross-examination to explain the discrepancy, his only explanation was that he had traveled for two days and was tired. Lin argues that the BIA misstated the record, because beyond stating that he was tired, he also stated that he was rushed by the immigration officer. This argument is unavailing because Lin responded that he was "tired" when asked why he had not told the immigration officer (who had asked him to speak quickly) that he faced persecution as a Catholic. Regardless, although the BIA has an obligation to consider all evidence relevant to an applicant's claim, it need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006). Rather, we "presume that [the agency] has

---

1. Lin does not challenge the accuracy of the airport or credible fear interviews. *See Ram-* *sameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004).

taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006). Here, there is no indication that the BIA failed to consider Lin's explanation that he was rushed by the immigration officer. *See Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 68 (2d Cir. 2002) (finding that the BIA's "opinion contain[ed] sufficient rationale for the results reached" despite its summary language dismissing petitioner's evidence).

Lin also argues that the BIA failed to consider his contention that the IJ did not allow him to explain his omission during cross-examination because she interrupted him and said, "never mind." This argument is unavailing as the BIA properly noted that Lin had numerous opportunities to explain himself, and when questioned about the omissions, testified that he had forgotten to tell his lawyer and that he was afraid to talk too much.

Ultimately, the agency's adverse credibility no non sequitor determination was supported by substantial evidence. Thus, the agency's denial of Lin's application for asylum was proper. *See* 8 C.F.R. §§ 208.13(b), 208.16(b)(1). Moreover, because Lin bases his claims for withholding of removal and CAT relief on the same factual predicate as his asylum claim, and the IJ found that this evidence lacked credibility, those claims necessarily fail.[2] *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't. of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

**2.** While Lin does not specifically address withholding of removal and CAT relief in his brief, he does challenge the agency's adverse credibility determination, which was disposi-tive of each of his claims. Thus, we do not dispose of these claims on waiver grounds. *Cf. Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).